IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOEL CLAIBORNE, III,<br><br>    *Plaintiff*,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    *Defendant.* | CIVIL ACTION NO.<br>5:20-cv-00085-TES |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Mr. Claiborne filed his Complaint on March 1, 2020, alleging that Defendant Portfolio Recovery Associates, LLC ("PRA") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* Before the Court now is PRA's motion to dismiss Mr. Claiborne's Complaint pursuant to Federal Rule of Civil Procedure 12(b)1 and 12(b)6. For the reasons for fully discussed below, the Court **GRANTS** the motion and **DISMISSES** this case **without prejudice**.

**I.**  **FACTUAL SUMMARY**

Mr. Claiborne identifies himself as a consumer and debtor who is a resident of Houston County, Georgia. [Doc. 1 at pp 2, 5-7]. PRA is a company actively collecting consumer debts in the State of Georgia, and, in the course of its business, purchased two

defaulted accounts allegedly owned by Mr. Claiborne that were incurred primarily for personal, family, or household purposes. [Doc. 1 at pp. 2, 7].

PRA then hired a debt collection firm to collect on the accounts, and, in the fall of 2018, it filed two Statement of Claims against Mr. Claiborne in the Magistrate Court of Sumter County, Georgia, identified as Civil Action Nos. 18-1572 and 18-1503. [Doc. 1 at p. 7]. Mr. Claiborne states that PRA knew that these Statement of Claims were served on Mr. Claiborne's relatives in Sumter County and not on Mr. Claiborne himself. [*Id.* at p. 5, 8]. Furthermore, Mr. Claiborne asserts that PRA also knew that he did not reside in Sumter County at the time it filed and pursued these Statement of Claims and, in fact, knew that he was a resident of Houston County based on information from his credit reports. [*Id.*]. PRA requested and received default judgment on both Statements of Claims. [*Id.* at p. 8]. PRA also requested as received writs of fieri facias in April 2019 and June 2019, respectively. [*Id.* at pp. 8-9].

Mr. Claiborne filed this action on March 1, 2020. He claims that PRA violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq* ("FBPA") by pursuing the actions in Sumter County despite the fact that "service was not proper" and "the underlying judgement was improper." [Doc. 1 at pp. 8-9]. PRA responded with its timely motion, arguing that the case should be dismissed because: this Court does not have jurisdiction over the claim; the claim

is time-barred; and Mr. Claiborne did not allege adequate facts in his Complaint. [Doc. 6]. For the reasons discussed below, the Court finds that it lacks subject-matter jurisdiction over Mr. Claiborne's federal claims (Count I) and, in addition, the claim is time-barred. *See* Section II(A-B), *infra*. In the interest of judicial economy, the Court does not address whether Mr. Claiborne's Complaint was otherwise sufficient. Furthermore, the Court declines to exercise supplemental jurisdiction over Mr. Claiborne's state law claim. *See* Section II(C), *infra*.

## II.     DISCUSSION

### A.     The *Rooker-Feldman* Doctrine

Because federal courts are courts of limited jurisdiction, they are obligated to inquire into their own jurisdiction. *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999). Therefore, the Court conducts its own inquiry in addition to considering the arguments raised by PRA in its motion.

Generally speaking, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the *Rooker–Feldman* doctrine is a "limitation on the jurisdiction of the inferior federal courts" to prevent district courts and circuit courts from hearing "what are essentially appeals from state court decisions" because only the United States Supreme Court has jurisdiction to hear such cases. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018); *see also, D.C. Court of Appeals v. Feldman*,

460 U.S. 462 *(1983); Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). This Circuit acknowledges the limitation of the *Rooker-Feldman* doctrine to those cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Target*, 881 F.3d at 1285 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

Here, there is no doubt that Mr. Claiborne lost in a state court and subsequently had judgments rendered against him in Sumter County Magistrate Court. [Doc. 1 at pp. 7-9]. Furthermore, he now brings a claim in this court of "injuries caused by [those] state-court judgments [which were] rendered before the district court proceedings commenced." *See generally* [Doc. 1]; *Target*, 881 F.3d at 1285 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). Therefore, to determine the applicability of *Rooker-Feldman,* the Court moves on to determine whether Mr. Claiborne's Complaint "invites rejection of a state court decision." *Target*, 881 F.3d at 1286 (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)(per curiam))

A plaintiff's case "invites rejection of a state court decision" by meeting one of two possible criterion: (1) bringing a claim that was "actually adjudicated by a state court" or (2) brining a claim that is "inextricably intertwined" with a state court judgment. *Target*, 881 F.3d at 1286 (citing *Casale,* 558 F.3d at 1260). A claim is considered "'inextricably intertwined' if it asks to 'effectively nullify the state court judgment, or it

4

succeeds only to the extent that the state court wrongly decided the issues'" *unless* "there was no 'reasonable opportunity to raise' that particular claim during the relevant state court proceeding. *Target*, 881 F.3d at 1286 (quoting *Casale*, 558 F.3d at 1260 and then quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). *See also Butler v. Portfolio Recovery Assocs., LLC,* 2015 WL 13777349 at *3 (N.D. Ga. July 30, 2015), *report and recommendation adopted,* 2015 WL 13777897 (N.D. Ga. Aug. 25, 2015) (finding "If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.")

Here, Mr. Claiborne's claim was not "actually adjudicated" on the merits by the state court because the state court decisions at issue are default judgments against Mr. Claiborne. [Doc. 1 at pp. 5-7]. However, the Court finds that his claim *is* nonetheless inextricably intertwined with the state court judgments. While Mr. Claiborne's Complaint does not explicitly seek reversal or nullification of the state court action, the clear gravamen of his argument is that PRA fraudulently pursued and obtained the default judgments and writs of fieri facias, all while knowing that "service was not proper" in the underlying state court actions. *See generally* [Doc. 1 at pp. 6-13]. Furthermore, Mr. Claiborne's Complaint explicitly contains his "frustration" with the actions PRA took "knowing the judgment was improper." [Doc. 1 at p. 9].

5

Thus, this Court cannot hear Mr. Claiborne's case, without addressing, among other issues, whether or not service was proper in the underlying action and whether the state court judgments and writs were properly obtained. As this Court has already noted, "a claim of faulty service does not allow a party to avoid the *Rooker-Feldman* doctrine." *Flatau v. Sherman Fin. Grp., LLC,* 2015 WL 8773299, at *4 (M.D. Ga. Dec. 14, 2015). Furthermore, if the Court were to accept that PRA violated the FDCPA through their attempt to a collect a debt that was not properly collected in the state-court proceedings, the Court "would effectively declare the state court judgment was fraudulently procured and thus void." *Id.* at *6 (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)); see also *Connor v. Midland Credit Mgmt., Inc.*, 2019 WL 717413, at *8 (S.D. Fla. Feb. 20, 2019) (holding that "challenging a default judgment based on lack of service of process is the very definition of trying to nullify the judgment")

As was the case in *Connor,* there is no reason why Mr. Claiborne could not have raised his challenges in state court when he learned of the allegedly fraudulent judgments and writs. *Id; see e.g.* O.C.G.A. § 9-12-16 ("The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."); *Williams v. Willis*, 798 S.E.2d 323 (Ga. App. 2017) ("a judgment which is void for lack of jurisdiction may be attacked at any time, all other

motions to set aside a judgment must be brought within three years after the judgment was entered.")

Accordingly, in keeping with the *Rooker-Feldman* Doctrine, the Court **DISMISSES** Count I of Mr. Claiborne's case **without prejudice**[1] for want of subject matter jurisdiction.

### B.     FDCPA Statute of Limitations

Furthermore, even *if* Mr. Claiborne could overcome the restrictions of the *Rooker-Feldman* Doctrine, his FDCPA claim is nevertheless time-barred. 15 U.S.C. §1692k(d). In examining the issue, the Court finds the logic of its sister court persuasive and agrees that "[f]or FDCPA claims predicated on an improperly brought collection lawsuit, the one-year limitations period begins to run, at the latest, when the debtor is served with process." *Tingle v. Cooper*, 2011 WL 13319606, at *3 (N.D. Ga. June 15, 2011), *report and recommendation adopted*, 2011 WL 13319730 (N.D. Ga. July 18, 2011)(citing *Schaffhauser v. Citibank*, 340 F. App'x 128, 130–31 (3d Cir. 2009) and *Perez v. Bureaus Inv. Group No. II, LLC*, 2009 WL 1973476, at *2 (S.D. Fla. July 8, 2009)).  Thus, the statute of limitations began to run, at the latest, in "the Fall of 2018" when Mr. Claiborne was purportedly

---

[1] Rooker-Feldman dismissals should be made without prejudice to allow plaintiffs "the opportunity to allege, if [they] can, consistent with … obligations under Federal Rule of Civil Procedure 11, any other "claim for relief that is independent of the state-court proceedings." *Brooks v. Trefry*, 2015 WL 12712063, at *2 (S.D. Fla. July 22, 2015); *see also, Flatau* 2015 WL 8773299. The Court acknowledges that a dismissal without prejudice of a case in which the statute of limitations has run is tantamount to a dismissal with prejudice; however, the Court also reasons that this statute of limitations on the FDCPA ran prior to the filing of this suit, and not during its pendency.  *see* Section II(B), *infra.*

served with the state court action. Therefore, his period to bring a timely suit in federal Court expired sometime in the Fall of 2019, months before he brought this action.[2] [Doc. 1].

### C. Supplemental Jurisdiction over the FBPA State Law Claim

Congress has codified that, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The Eleventh Circuit has established that

> "[s]tate courts, not federal courts, should be the final arbiters of state law." Where, as here, a court has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial. In fact, "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims."

*Ingram*, 167 F. App'x 107, 108–109 (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) and then quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119

---

[2] Mr. Claiborne refers to the filing and service of the magistrate cases ambiguously as "the Fall of 2018" although Defendants state service of the second magistrate court case occurred on November 6, 2018. [Doc. 6 at n.3]. In either event, the statute of limitations expired in the latter part of 2019, but Plaintiff did not file this action until March 1, 2020.

(11th Cir.1999)). "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." *Ingram,* 167 F. App'x 107, 109 (quoting *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir.1999)).

In keeping with the standard established by *Gibbs* and maintained by the Eleventh Circuit, this Court acknowledges that, in the instant case, since Plaintiff's federal claim has been dismissed before trial, Eleventh Circuit precedent sets "a very strong argument" and "strong[] encouragement" for dismissal of the state law claim. *See Ingram,* 167 F. App'x 107, 109. Accordingly, the Court issues no opinion as to the sufficiency of Mr. Claiborne's claims under Georgia's FBPA. Rather, the Court declines to exercise its supplemental jurisdiction and **DISMISSES** Count II of Mr. Claiborne's Complaint **without prejudice** "so that [he] may pursue the claim in state court" should he so choose, which will properly allow the state to be "the final arbiters of state law." *Id*.

**SO ORDERED**, this 1st day of June, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
